Tilghman C. J.
(After stating the case.) If Vogt and Witmer were by their agreement with Weitzel, intrusted to take out patents for the whole in their own names, the law would throw the loss on Maclay, without doubt. The cause' is brought before us on an exception to the Charge of the President of the Court of Common Pleas. The charge, as we have it, is not in all its parts, consistent: which may perhaps be owing to the imperfect manner in which it was taken down, when the Judg$ delivered it. But we must take it as it stands on the record. The objection chiefly relied on by the counsel for the plaintiff in error, and the only -one which they could urge with success, is this: When the Judge had concluded his charge, and before the jury retired, the counsel for the defendants asked him, “ Whether the end of the agen- “ cy of Weitzel, and the contract xuith Vogt and Witmer, were “ not facts to be left to the jury The answer was, “ We “think 7io W After which the Judge added, “We see no “ evidence of Weitzel having any authority after obtaining “ the deed to Maclay: and after that Maclay surveyed and “ returned the land; which circumstances the jury will judge “ of.” Taking this altogether, it is hardly to be reconciled. The first expressions take the fact from the jury, and the latter seem to leave it to them. But from the positive answer, We think not, the jury might be led to suppose, that the agency of. Weitzel and the contract with Vogt and Witmer were matters of law which they had no right to consider. The Court and jury have each their department which must be kept separate. The Court decides the law: the jury the fact. The agency of Weitzel and the contract with Vogt and Wit■mer were not only facts, but facts decisive of the cause: facts which, when decided by the jury, the law would be plain. In answer, therefore, to the question put by the defendant’s *418 counsel, the jury should have been expressly told, that these were facts for their decision: and in the answer which was gjven there was error.
The record contains a bill of exceptions to the deposition of Vogt, which was admitted as evidence in the Court below. This exception has been so feebly urged', that I consider it as relinquished: and so it ought to be. For what Vogt said was against his own interest. He and Witmer conveyed to Patton with general warranty. Therefore, when he gave evidence in favour of Maclay's title, he made himself liable to an action on his own warranty.
I am of opinion, on the whole, that the judgment should be reversed, and a venire facias ele novo be awarded.
Yeates J.
The duties to be performed by Caspar Weitzel on his being furnished with the discovery of the vacant lands by the defendant in error, do not distinctly or precisely appear by his letter of 26th March, 1773.
The charge of the Court below is not consistent in all its parts. It at first submits to the jury the important point, whether Vogt and Wit?ner were the agents of Maclay, to be decided by them. But afterwards, upon being asked by the counsel of the plaintiff in error, whether the end of the agency of Weitzel and the contract of Vogt and Witmer were not matters of fact to be left to the jury, the Court explicitly answered, they thought not; they saw no evidence of'Weitzel having any authority, after obtaining the deed to Maclay, and after that Maclay had surveyed and returned the land, which circumstances the jury -will judge of. The Court below had an unquestionable right to deliver their sentiments on the evidence given in the cause ; and frequent instances of injustice would occur if this right was not exercised. But the jurors are not bound by the Court’s opinion on matters of mere fact. It is their imperious duty to weigh the circumstances of ea'ch. case with attention and impartiality, contrast the whole evidence, assign to the several witnesses their just degree of credit, and pronounce a verdict satisfactory to their own judgments and consciences. The different parts of the charge cannot be reconciled : but as the charge comes before us, it in one particular withdraws from the jury an important privilege reposed in them by law, to draw their own conclusions from the whole testimony. On this ground alone, I *419 ana of opinion, that die judgment below be reversed, and a new trial awarded.
Bb.ackenb.idge J. was sick and absent.
Judgment reversed, and a venire facias de novo awarded.